**In Re: Appeal of COLLEGIUM FOUNDATION and Collegium Charter School From the Decision of the Chester County Board of Assessment Appeals for Property Located at 500 James Hance Court, West Whiteland Township, Chester County, Pennsylvania.**

**Appeal of: Collegium Foundation and Collegium Charter School.**

Commonwealth Court of Pennsylvania.

Argued Feb. 8, 2010.

Decided March 16, 2010.

David C. Marshall, Exton, for appellants.

Jeffrey R. Sommer, West Chester, for appellee, Chester County Board of Assessment Appeals.

Anthony T. Verwey, West Chester, for appellee, West Chester Area School District.

BEFORE: SIMPSON, Judge, BROBSON, Judge, FLAHERTY, Senior Judge.

OPINION BY Judge BROBSON.

Collegium Foundation (the Foundation) and Collegium Charter School (the Charter School) (collectively Appellant)[1] appeal from the order of the Court of Common Pleas of Chester County (trial court). The trial court affirmed the decision of Chester County Board of Assessment Appeals (the Board), which denied Appellant's request for tax exemption. Appellant argues that the trial court erred in finding that the property located at 500 James Hance Court, West Whiteland Township, Chester County, Pennsylvania, Tax Parcel No. 41–04–0031.4000 (Property) was not entitled to a real estate tax exemption under The General County Assessment Law (GCAL).[2] For the reasons set forth below, we affirm.

The Charter School is a nonprofit corporation that has operated pursuant to the Charter School Law[3] as a public charter school within the West Chester Area School District (the District) since Septem-

---

**1.** The Foundation and the Charter School have merged since the instant case began, leaving the Charter School as the surviving corporation and lessee of the Property. (Appellant's brief at footnote # 3).

**2.** Act of May 22, 1933, P.L. 853, *as amended,* 72 P.S. §§ 5020–1 to –602.

**3.** Act of March 10, 1949, P.L. 30, added by Act of June 19, 1997, P.L. 225, *as amended,* 24 P.S. §§ 17–1701–A to –1751–A.

ber of 1999.[4]  Prior to their merger, the Charter School subleased the Property from the Foundation, which in turn leased the Property from 500 James Hance Court, L.P. (the Landlord), the for-profit owner of the Property.  The lease between the Foundation and the Landlord provides that any real estate taxes imposed on the Property shall be paid by the Foundation as tenant of the Property.[5]  Such payments are imposed on the Charter School through the sublease.  The Property lease enables the Foundation to contest any real estate tax assessments and to pursue such appeals on behalf of the Landlord after providing the Landlord with advance notice.  If the Landlord contests any tax assessment, the reasonable expenses incurred in doing so shall become additional rent owed by the Foundation and, ultimately, the Charter School.

On July 1, 2008, both the District and West Whiteland Township (Township) sent real estate tax notices to the Landlord that the Property was subject to real estate assessment.  The Landlord filed a timely appeal with the Board, challenging the assessed value of the Property.  Appellant filed a supplemental appeal, requesting tax exempt status.  The Board conducted a joint hearing on both the Landlord's challenge and Appellant's request for exemption on November 21, 2008.  By order dated December 15, 2008, the Board denied the challenge and the request for tax exemption.  (R.R. 984a.)

Appellant appealed the Board's order to the trial court.  The District filed a motion for summary judgment, requesting that the trial court dismiss the matter and asserting there was no genuine issue of material fact to be tried with regard to ownership of the Property.  Appellant filed a cross-motion for summary judgment.  The trial court denied Appellant's motion for summary judgment and granted the District's motion for summary judgment, concluding that the Property is not exempt from real estate tax.

Appellant now appeals to this Court.[6]  At issue in this case is whether the trial court erred in concluding that the Property was not entitled to a real estate tax exemption under Section 204(a)(4) of the GCAL, 72 P.S. § 5020–204(a)(4).

Section 204(a)(4) of the GCAL provides, in part: "The following property shall be exempt from all county, city, borough, town, township, road, poor and school tax, to wit:  ... [a]ll schoolhouses belonging to any county, borough or school district, with the ground thereto annexed and necessary for the occupancy and enjoyment of the same...." 72 P.S. § 5020–204(a)(4).

4.  Section 1703–A of the Charter School Law defines a charter school as "an independent *public school* established and operated under a charter from the local board of school directors and in which students are enrolled or attend."  24 P.S. § 17–1703–A (emphasis added).  It is a separate corporate entity, vested with all powers necessary to carry out the terms of its charter and must be organized as a public nonprofit entity.  Section 1714–A(a) of the Charter School Law, 24 P.S. § 17–1714–A(a).

5.  Lease agreement between the Foundation and 500 James Hance Court, L.P. (Reproduced Record (R.R.) 144a.)

6.  This Court's standard of review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether necessary findings of fact are supported by substantial evidence.  2 Pa.C.S. § 704.  Substantial evidence is relevant evidence that a reasonable mind might consider adequate to support a conclusion.  *Hercules, Inc. v. Unemployment Comp. Bd. of Review*, 146 Pa.Cmwlth. 77, 604 A.2d 1159 (1992).

Section 204(b) of the GCAL provides, in part:

[A]ll property real or personal, other than that which is actually and regularly used and occupied for the purposes specified in this section, *and all such property from which any income or revenue is derived,* other than from recipients of the bounty of the institution or charity, shall be subject to taxation, except where exempted by law for State purposes, and nothing herein contained shall exempt same therefrom.

72 P.S. § 5020–204(b) (emphasis added).

Section 204(c) of the GCAL provides that:

(c) Except as otherwise provided in clause (10) of this section, all property, real and personal, actually and regularly used and occupied for the purposes specified in this section shall be subject to taxation, unless the person or persons, associations or corporation, so using and occupying the same, *shall be seized of the legal or equitable title in the realty* and possessor of the personal property absolutely.

72 P.S. § 5020–204(c) (emphasis added).

Appellant argues that because all public schools are exempt from real estate taxation under Article VIII, Section 2(a) of the Pennsylvania Constitution and Section 204(a)(4) of the GCAL and because the Charter School Law defines a charter school as an "independent public school,"[7] Appellant automatically qualifies for the tax exemption by virtue of being a charter school.

Alternatively, Appellant argues that the District exerts sufficient control over the Charter School such that the Charter School "belongs" to the District and should receive a tax exemption. In support of its alternative argument, Appellant refers to the fact that the Charter School is funded in large part by the District.[8] Also, the District has the authority to revoke or renew the Charter School's charter, and any changes the Charter School would wish to make to its educational program, facility location or other material item in its charter may not be done without express permission of the District. Section 1729–A of the Charter School Law, 24 P.S. § 17–1729–A. In addition, the District has ongoing reasonable access to the Charter School's records to ensure all requirements for testing, civil rights, student health and safety are met. Furthermore, the Charter School Law mandates that if a charter school closes for any reason, the remaining real and personal assets revert back to the public school entity whose per-pupil allocations fund the school. Section 1729–A(i) of the Charter School Law, 24 P.S. § 17–1729–A(i). Finally, the District's employment policy allows any employee of the District to request a leave of absence for up to five years to work in a charter school located in the district, while maintaining seniority and retaining tenure rights. Section 1729–A(f) of the Charter School Law, 24 P.S. § 17–1729–A(f). Appellant contends that the above facts show that the District exerts control over the Charter School—so much so that the Charter School "belongs" to the District, thereby satisfying the requirements for a public school real estate tax exemption.

---

**7.** Section 1703–A of the Charter School Law, 24 P.S. § 17–1703–A.

**8.** The Charter School receives base revenues from the District in the amount that the District would spend on each student. Section 1725–A of the Charter School Law, 24 P.S.

§ 17–1725–A. The District receives revenues from the Commonwealth of Pennsylvania to fund the charter school initiative, including up to thirty percent (30%) reimbursement for charter school expenditures.

Appellant raises another alternative argument that the use, rather than the ownership, of property should control the determination of tax exemption. Appellant contends that the public school tax exemption of Section 204(a)(4) of the GCAL does not contain an ownership component and does not require the school to be owned by a government entity or political subdivision. Appellant advocates that because the General Assembly declared that public schools are exempt from taxation and it later expanded the types of public schools to be operated within the Commonwealth and created the charter school, the current application of Section 204(a)(4) of the GCAL should apply to this case to grant the public school tax exemption. In support of that interpretation, Appellant notes that if it is not granted the public school tax exemption, public dollars originally allocated for student education will be diverted to tax payments and result in the unintended redistribution of public revenues.

The Board counters that Section 204(a)(4) of the GCAL does not expressly provide or can be construed to suggest that land owned by a for-profit organization is exempt from real estate taxation because it is leased by a public charter school. It contends that Appellant's argument that Section 204(a)(4) of the GCAL should be interpreted to provide such an exemption because it was enacted before charter schools came into existence is not persuasive. The General Assembly could have, but has not, taken action to change the statute to create an exception specifically for charter schools.

The Board argues that Sections 204(b) and (c) of the GCAL disqualify the Property from the Section 204(a) exemption under the GCAL. Section 204(b) of the GCAL provides that a property shall be subject to taxation if there is income or revenue derived from the property, and the Board points out that the Landlord derives revenue and/or income from the Property. Section 204(c) of the GCAL requires the person using or occupying the property to be seized of legal or equitable title of the property. As to Appellant's assertion that the Charter School "belongs" to the District because a portion of real and personal assets would revert back to the District if the Charter School would cease to exist, the Board counters that the Property is not an asset of Appellant's to be distributed as a possible result of the closing of the Charter School because neither the District nor the Charter School owns the Property. The Landlord has legal and equitable title to the Property, and it is the Landlord who is subject to taxation for the Property.

Finally, the Board argues from a public policy perspective that while the imposition of real estate taxes would increase the Charter School's rent, it does not mean that the Landlord, a for-profit entity, can avoid the imposition of real estate taxes on his Property.

The District advances similar arguments and adds that statutory exceptions must be strictly construed, *see In re Order of St. Paul the First Hermit*, 873 A.2d 31 (Pa. Cmwlth.2005), *allocator denied*, 591 Pa. 707, 918 A.2d 749 (2007), Section 204(c) of the GCAL clearly provides that the Property is subject to taxation unless the entity using the property shall be seized of title.

■ Having considered the arguments of the parties, we cannot agree with Appellant's assertion that the Property is entitled to an exemption on the sole basis that the Charter School is a "public school." Regardless of whether the Charter School is a "public school" in its own right or whether it "belongs" to the District, the availability of the tax exemption provided by Section 204(a) of the GCAL for "school-

houses" is limited by Sections 204(b) and (c) of the GCAL.[9] Simply put, Section 204(a) of the GCAL does not automatically provide a public school an exemption for real estate tax purposes. Section 204(a) of the GCAL cannot be read in a vacuum—it must be read in connection with Sections 204(b) and (c) of the GCAL that limit the Section 204(a) exemptions.

■ The fact that the Property is leased from the Landlord, a for-profit entity, disqualifies it from tax exemption. Section 204(b) of the GCAL clearly provides that a property shall be subject to taxation if there is income or revenue derived from the Property. In the instant matter, the Property does not qualify for the exemption because the Landlord derives income or revenue from the Property by virtue of the lease payments it receives for the Charter School's use of the Property. Similarly, Section 204(c) of the GCAL precludes the Property from exemption because the Landlord, not a public school, is seized of the legal or equitable title in the Property. We must conclude, therefore, that the trial court did not err in granting summary judgment in favor of the District.

■ There is no support for Appellant's argument that the use of the Property should control whether the Property is exempt from taxation. Appellant attempts to persuade the Court that the fact that the Charter School Law was enacted subsequent to the GCAL should cause us to apply the GCAL in a manner that grants a charter school a tax exemption regardless of the statutory provisions of the GCAL. We note that the General Assembly could have amended the GCAL to provide a specific exemption for charter schools, but it has not done so, and it is not this Court's place to effectively do so. Moreover, Appellant's argument fails to acknowledge that the tax exemption for public schools set forth in Section 204(a) of the GCAL is not absolute and that property owned by a public school may be subject to taxation if other sections of the GCAL so dictate.

■ While Appellant may be correct that the statutory framework of the GCAL may cause public dollars originally allocated for student education to be diverted to tax payments and result in an unintended redistribution of public revenues, it is not the role of this Court to address this concern. Based on the unambiguous words chosen by the General Assembly in the CGAL, we agree with the Board that a for-profit landlord cannot avoid the imposition of real estate taxes on his property by contractually passing on the obligation to pay those real estate taxes to a nonprofit tenant, even if that nonprofit tenant is a charter school.

Accordingly, we affirm the order of the trial court.

### ORDER

AND NOW, this 16th day of March, 2010 the order of the Court of Common Pleas of Chester County is affirmed.

---

9. We are persuaded that the Charter School is a "public school" by virtue of Section 1703–A of the Charter School Law, and we are equally persuaded that the same section of the Charter School Law makes it clear that Charter School is an "independent" school. 24 P.S. § 17–1703–A. Although the District possesses and exerts some authority over the Charter School by virtue of the statutory framework of the Charter School Law, that does not somehow render the Charter School a possession of the District. Importantly, Appellant misses the point that this case does not turn on whether the Charter School is a "public school."